St. L., I. M. & S. Ry. v. Hendricks, Adm'r.

St. L., I. M. & S. Ry. v. Hendricks, Adm'r.

1. RAILROADS: *Whether one is employe or not.*
   Evidence that a party upon a railroad train was performing service as a brakeman from one point to another, will justify the conclusion that he was a regular employe of the company.

2. SAME: *Whether act of servant was in line of duty. Evidence.*
   Whether a particular act of a servant was or was not in the line of his duty, is a question for the jury to determine from the surrounding facts and circumstances; and evidence that it was the custom of the master's servants to perform such acts, is admissible to prove it.

3. PRACTICE: *General objections to testimony of witness.*
   It is not error to overrule a general objection to a witness' testimony for irrelevancy if any part of it is admissible.

4. RAILROADS: *Evidence as to brakemen's duty.*
   Evidence that brakemen of a railroad train are in the habit of ejecting tramps from the train, who refuse to pay fare, is admissible to prove that it is within the line of the brakemen's duty to do so.

APPEAL from *Lonoke* Circuit Court.
Hon. F. T. VAUGHAN, Judge.
    12–48

*Dodge & Johnson* for appellant.

The testimony of Drs. Martin and Corn to show a custom at Austin, that defendants employes put tramps off the train, was clearly incompetent and calculated to prejudice the jury. See *42 Pa. St., 163; 16 C. B., N. S., 659; 86 N. Y., 309; 12 N. Y., 529; 5 Hem., 529; 74 Mass., 548; Wharton on Ev., sec. 40; 1 Greenlf. on Ev., sec. 52; ib., sec. 448; 115 Mass., 240; 118 ib., 422; 10 Allen, 148; 6 Cush., 398.*

The admission of material, incompetent evidence, under objection, *is ground for a new trial.   89 Mass., 508; 38 ib., 145; 79 ib., 512.*

In torts the proof must be confined to the immediate locality of the accident. *4 Md., 242; 70 Mo., 243; 68 ib., 470; 38 Mich., 537; 45 N. Y., 574; 60 Mo., 227; ib., 265.*

Evidence of other acts are not admissible; such evidence is incompetent. *8 Oregon, 172; 52 Barb., 267; 41 Conn., 61; 59 Iowa, 581; 69 Me., 173; 60 N. Y., 278; 44 ib., 465.*

2.   The verdict was not sustained by the law and the evidence.   There was no proof that any of the defendant's brakemen were guilty of the offense charged.

3.   The verdict is excessive, and the remittitur failed to cure it.

*Sam W. Williams, Sol. F. Clark* and *T. E. Hendricks* for appellee.

The testimony of Drs. Corn and Martin was competent to show that brakemen were acting within the line of their duty in ejecting tramps and persons attempting to ride without paying fare, and that it was their custom to do so. *Greenl. Ev., secs, 44 to 48; Burrell on Cir. Ev., 26 et seq.; Starkie Ev., vol. 2, marg. p. 41; 42 Ark., 542.*

St. L., I. M. & S. Ry. v. Hendricks, Adm'r.

Railroads are liable for forcibly ejecting trespassers from their trains, and it is not necessary to show that the master especially authorized the particular act. It is *sufficient* to *show* that the servant was engaged at the time in doing *the master's business*, and was acting *within the general scope* of his authority, and this, although he departed from the private instructions of the master, abused his authority, was reckless in the performance of his duty, and inflicted unnecessary injury. *64 N. Y., 129; Cohen v. Dry Dock Co., 69 ib., 170; 2 Reporter, 837, S. C., 55 Iowa, 496; 14 How., U. S., 468; 2 Cent. Rep., 33; 3 Cent. Rep., 404.*

COCKRILL, C. J.   Fred Cost, who is now dead, brought suit against the appellant to recover damages for personal injuries received, as he alleged in his complaint and swore upon the trial, by being forcibly ejected from a moving train by a brakeman in the employ of the railroad company.   The evidence upon the two sides was contradictory upon every material fact, but the plaintiff's case, as put by himself and one other witness, was that he had been stealing a ride on one of the company's trains by holding to a ladder on the outside of a freight car.   When the train stopped at Cabot station, he alighted and concealed himself until it made a fresh start, when he again mounted the ladder.   He was there detected by a brakeman who caused him to mount to the top of the car and demanded payment of his fare.   Cost had no money, and the brakeman ordered him off the train, refusing his request to wait until the next stand.   His manner was threatening, and Cost felt impelled to undertake to descend the ladder, and when he was in the act of doing so, the brakeman kicked at him and stamped upon the backs of his hands and thus forced him to loose his hold.   This caused him to fall when the train was running rapidly.   One of his feet was

crushed by the wheels and was partially amputated, leaving the heel intact; but the muscle of his leg shrank away and the physicians were doubtful as to the recovery of its strength. The testimony of the train men and of another witness for the company, was to the effect that the plaintiff lost his hold, or jumped voluntarily from the ladder, where he was clinging, without having been spoken to or touched by an employe. Cost was an intelligent German boy about seventeen years of age; the jury accepted his version of the matter, and returned a verdict for $5000 in his favor. The circuit judge directed that a new trial should be granted unless a remittitur of $2000 was entered. The plaintiff remitted the amount indicated, and the company appealed. Pending the appeal, Cost died, and the action has been revived here in the name of his administrator.

1. RAIL-ROAD: Employe: Evidence.

The errors assigned by the company for the reversal of the judgment are confined to the admissibility of testimony which the court permitted to go to the jury over its objection, and to the failure of the proof to sustain the verdict. The charge of the court to the jury has not been challenged, and it is not urged that there was a failure of proof except in this particular, viz.: That Cost and the other witnesses were not positive that the man whom they alleged was the cause of the injury was one of the company's employes. Upon his examination in chief the plaintiff testified that the man alluded to was a brakeman on appellant's train, but on cross-examination he stated he did not know that to be a fact. He gave as the reason for his belief, however, that he saw the man on the platform at Cabot with a lantern deporting himself as an employe; and James Jenkins, his other witness, who rode from Cabot to Little Rock on the train, and corroborated

Cost's statement of the accident, testified that the man acted as a brakeman on the train between these points.

If the jury credited the testimony, that the man was for such a length of time aiding the company in operating its train, it was sufficient to justify the conclusion that he was a regular employe. Indeed, it would be difficult, in the most of these cases, to prove the relation of master and servant except by the fact that the one is known to perform service for the other, or from their course of dealing. *2 Starkie Ev., marg. p. 41-3.*

The court instructed the jury that the master could not be held to respond in damages for an injury resulting from the wanton and wilful act of a servant, unless the act was done in the discharge of his duty, or while acting within the general scope of his authority. Whether a particular act was or was not done in the line ot the servant's duty is a question to be determined by the jury from the surrounding facts and circumstances. *Round v. Delaware, etc., Ry. Co., 64 N. Y., 129; Cohn v. Dry Dock Co., 69 ib., 170.*

2. SAME: Whether act of servant was within his duty. Evidence.

In order to meet this phase of the proof, the plaintiff offered two witnesses by whom he proposed to show that it was the custom of the brakemen and other employes engaged in operating the defendant's freight trains to eject persons riding without paying their fare. The witnesses testified as to the custom observed by them at a station three miles distant from Cabot. As the introduction of this testimony is the chief reliance of the appellant for reversing the judgment, it may be given, with the objections thereto, in the language of the abstract:

"Dr. Martin testified for plaintiff as follows:

"I live at Austin, Arkansas. Have resided there ten years. Am acquainted with the custom of the defendant's train hands at Austin. It is a watering station, three miles north of Cabot. When trains start from there, fre-

quently tramps get on, and I have seen brakemen make them get off. It is seldom that a week would pass that I did not see this." [To the admission of the above testimony of Dr. Martin, the defendant objected at the time, as incompetent evidence, but the objection was overruled and defendant saved its exceptions at the time, and the witness then testified as stated.]

Upon cross-examination, Dr. Martin said further:

"I don't know whether the brakemen put off tramps under orders or not, and I don't know if this was the custom anywhere else or not. I only speak of what I saw at Austin."

Thereupon defendant moved that Dr. Martin's testimony, as above, be excluded from the jury, as wholly incompetent and irrelevant, and calculated to mislead and prejudice the jury, but the court overruled the motion and defendant saved its exceptions.

The testimony of the other witness was substantially the same as the above, except that he stated that the brakemen performed this duty sometimes before the train started and at others after it was in motion. As no special objection was made in any form to the statement last quoted, it is not material to consider, apart from the other testimony, whether it was proper to admit it. The objection was general to the whole of the witness' evidence as irrelevant, and if any part of it is admissible the objection falls.

The reason of the rule is that it prevents trial judges from being misled or entrapped by having their attention directed, under a general objection, to one point and their judgments reversed upon another, when the objection to that point might have been readily sustained in the first instance.

It is not necessary to follow the exhaustive argument of

the appellant's counsel to the, effect that the proof of specific or continuous acts of wantonness or negligence on the part of the company's employes, has no tendency to establish wantonness or negligence on the particular occasion complained of. The evidence objected to did not tend to show a previous wrongful act. It was the legal right of the company to eject persons attempting to ride on its trains without paying fare, and the legitimate object of the testimony was to show that the right was commonly enforced through the class of employes that ejected the plaintiff. It was a legitimate method of showing the duty of the employe, just as the fact of employment, as we have ruled above, could be shown by the exercise of duties in the master's service. The fact that brakemen commonly performed the duty of ejecting such persons from the appellant's freight trains, afforded a reasonable presumption or inference that the brakeman who ejected the plaintiff acted in the line of his duty, if the jury chose to believe that he was ejected by a brakeman for the non-payment of his fare. See *Ward v. Young, 42 Ark., 542.*

Finding no error, the judgment is affirmed.