## OTTO KRUEGER, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 5, 1902.

1. **Special Damages:** PERSONAL INJURY: PLEADING: EVIDENCE: INSTRUCTIONS. An infant plaintiff's petition made no special allegation of his loss of earnings after his majority and, therefore, evidence and instructions relating to his earning capacity, and his having learned a trade, were improper since the loss of future earnings are special damages and must be pleaded.

2. **Trial Practice:** EVIDENCE: OBJECTION. An objection made at the inception of an effort to introduce improper evidence, is sufficient and does not have to be repeated with each question relating thereto.

3. **Railroads:** AGENCY: BRAKEMAN: EVIDENCE. The authority of a brakeman to eject passengers may be shown by his performance of that duty with direct approval or the acquiescence of the company.

4. ———: ———: ———: ———: INSTRUCTION. Where the effort to prove a brakeman's agency is made by evidence of his acting in that capacity with the approval of the company, an instruction submitting to the jury the question whether the act complained of was within the scope of his employment, is erroneous, since that is a question of law as well as of fact, and such instruction evades the issue presented by the evidence.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Chas. B. Adams, Wash. Adams* and *F. Houston* for appellant.

(1) The court erred in overruling the defendant's demurrer to the evidence at the close of plaintiff's case. Plaintiff failed to establish a prima facie case of authority on the part of defendant's brakeman, Marshall, to remove or eject plaintiff from the train on which he was riding as a mere trespasser. Krueger v. Railroad, 84 Mo. App. 366; Farber v. Railroad, 116 Mo. 81. (2) The court erred in refusing instruction 1 offered by defendant at the close of all the evidence, directing a verdict for defendant. Herman on Estoppel, sec. 1062. (3) The court erred in giving plaintiff's instruction 1. It does not submit to the jury the question as to whether defendant's brakemen had authority to remove trespassers from freight trains, and authorizes a recovery if the acts complained of were performed while the brakeman was acting within the scope of his regular employment as brakeman. Snyder v. Railroad, 60 Mo. 419; 2 Wood on Railway Law, sec. 316. (4) The court erred in giving plaintiff's instruction 2. (a) It improperly authorizes a recovery of special damages not alleged in the petition. Slaughter v. Railroad, 116 Mo. 274; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669. (b) It is not supported by the evidence. Slaughter v. Railroad, supra; Duke v. Railroad, 108 Mo. 243; Norton v. Railroad, 40 Mo. App. 642. (5) The court erred in refusing instruction 18 offered by defendant. A custom or usage can not be proved by evidence of particular instances of transacting business in a certain way. Shields v. Railroad, 87 Mo. App. 37; Lawson on Usages and Customs, 101; Haskins v. War-

ren, 115 Mass. 514; Adams v. Otterback, 56 U. S. 539; Barr
v. Sickles, 17. Ark. 428; Railroad v. McCulloch, 45 S. W.
324; Rice on Ev., p. 903; Mears v. Waples, 4 Houst. (Del.)
62. (6) The court erred in permitting plaintiff to testify as
to his employment before and after the injury and as to his
learning a trade and being unable to follow it, after he was
injured. The testimony was introduced for the purpose of
proving special damages for the loss of earnings and no such
damages were claimed in the petition. Slaughter v. Railroad,
116 Mo. 274; Mellor v. Railroad, 105 Mo. 455; Coontz v.
Railroad, 115 Mo. 669.

*Reed & Reed* for respondent.

(1) Defendant's demurrer to plaintiff's evidence was
properly overruled. Railroad v. King, 179 Ill. 91; Johnson
v. Railway, 88 N. W. 812; Brennan v. Santa Fe Receivers, 72
Mo. App. 107; Farber v. Railway, 139 Mo. 285; Railroad v.
Mother, 5 Tex. Civ. App. 87; Pierce v. Railroad, 124 N. C.
83; Ramsden v. Railroad, 104 Mass. 120; Railroad v. Hack,
66 Ill. App. 238; Railroad v. Boyer, 18 Ohio C. C. Rep. 327;
Railway v. Marsh, 17 Ohio C. C. Rep. 379; Railroad v. An-
derson, 93 Va. 650; Railroad v. Kelley, 36 Kan. 655; Elliott
v. Railroad, 52 S. W. 833; Anderson v. Railway, 33 S. E.
644; Railway v. Godkin, 30 S. E. 37, 104 Ga. 655; Welch
v. Railroad, 62 N. J. 655; Smith v. Railroad, 95 Ky. 11;
Railroad v. Lyons, 50 S. W. 161; Railroad v. Grigsby, 13
Tex. Civ. App. 639, 35 S. W. 815; Railroad v. Zantzinger,
49 S. W. 677; Railroad v. Green, 179 Ill. 93; Railroad v.
Godfrey, 71 Ill. 500; Pettit v. Railway, 58 Minn. 102; Rail-
way v. Miller, 8 Tex. Civ. App. 241; Railway v. Dwyer, 20
Colo. 132; Higgins v. Railroad, 46 N. Y. 23; Everett v.
Railroad, 9 Utah 340; Railroad v. Reagan, 52 Ill. App. 488;
Cline v. Railroad, 37 Cal. 400; Cook v. Railroad, 38 S. W.
925; Railroad v. West, 60 S. W. 291; Dorsey v. Railroad,

29 So. 17; Rounds v. Railroad, 64 N. Y. 129; Railroad v. Seals, 100 Ala. 368, 13 So. 917; Thompson v. Railroad, 32 S. W. 191, 11 Tex. Civ. App. 307; Thurman v. Railroad, 34 S. W. 893. (2) The trial court properly submitted the case to the jury on the evidence. (3) The plaintiff's first instruction was in proper form. (4) There was no error in plaintiff's second instruction. (5) The evidence of the frequent removal of trespassers by the brakemen was properly admitted. (6) It was proper for the plaintiff to show his occupation before being crippled. Railroad v. Hecht, 115 Ind. 449; Palmer v. Railroad, 80 N. W. 869; Swift & Co. v. O'Neill, 88 Ill. App. 162, City of Alliance v. Campbell, 17 Ohio Civ. Ct. Rep. 595; Railroad v. Barber, 77 Ill. App. 257.

ELLISON, J.—This is an action for personal injury in which plaintiff obtained a judgment in the trial court. The case was here on another occasion and will be found reported in 84 Mo. App. 358. By reference to that volume it will be seen that plaintiff (a young man under twenty-one years of age) was a trespasser attempting to ride on one of defendant's freight trains, and being discovered by a brakeman, was forced to jump off the train while in rapid motion, and in consequence was injured. We then reversed the judgment, which had been rendered for plaintiff, mainly on account of error in the matter of proof of authority in the brakeman to eject persons from the train. We held that mere proof that the offending employee was a brakeman, was not sufficient to show that ejecting trespassers was within the line of his duty.

On a retrial plaintiff was permitted to show that before starting out on the trip over defendant's road, he had been engaged in employment and earned money. That he had worked some for his father and others, and also that he had learned the trade of brassmoulder. Connected with the objection to this evidence is a point made against plaintiff's instruc-

tion No. 2, wherein the jury was informed that in estimating damages, plaintiff's diminished capacity for earning wages after he was twenty-one years of age, could be considered. The contention now made against the judgment is that the foregoing evidence, as well as the instruction, were directed towards the allowance of special damages, when none were pleaded in the petition. The point is well taken. No special damage was alleged, and the fact that plaintiff had been employed in earning money before the injury, and that he had learned a trade, are matters not having any natural connection with the injury. Nor is loss of earnings a necessary consequence of an injury. It does not follow but he may have earned more after the injury than before. Slaughter v. Railway, 116 Mo. 269; Mellor v. Railway, 105 Mo. 455; Coontz v. Railway, 115 Mo. 669. We would not confound the rule just stated with the right a plaintiff has to show the extent of the injury of which he complains. This can sometimes be well done by showing that the injured party was able to do a certain kind of labor before and was unable to do it after an injury. There are cases where such evidence would be proper. But here the only meaning to be gathered from the record is that the damages were to be enhanced by showing special loss of that which he had been theretofore able to secure, or accomplish.

It is, however, insisted by plaintiff that defendant did not object to the testimony aforesaid. The objection was not made to each question which drew out the evidence, but at its inception defendant did specifically object to evidence of plaintiff having been employed, for the reason that it was not pleaded.

The evidence offered by plaintiff to show that it was a part of the brakeman's duty to eject trespassers from the train consisted in great part in showing that brakemen, at about the time of this occurrence and a long time prior thereto, had com-

monly performed that service with the approbation of the officers of the company. If the jury, under proper instructions, should find that to be a fact, we think the defendant should be held for the act of the brakeman. Marion v. Railway, 64 Iowa 568; Railway v. Hendricks, 48 Ark. 177. For though it was not a part of the terms of his original employment to eject trespassers, yet if brakemen continuously did eject them as occasion was presented, with either the direct approval or the acquiescence of the company, then it became a part of his duty. This was one of the principal issues of fact in the case, and it is strange that plaintiff did not submit an instruction on that head. Instead of doing so he asked and obtained an instruction on the general proposition whether he (plaintiff)' was forced from the train by the brakeman while acting within the scope of his employment. What the scope of an agent's or servant's employment may be is not always solely a question of fact. As stated in many connections it is a question of law, and the general statement that the acts of the master's servants were within the scope of their employment, is a mere conclusion of law. Snyder v. Railway, 60 Mo. 413. The instruction as written and unaccompanied by one based on the evidence that the brakeman habitually performed that service with the acquiescence of the company, as above suggested, was misleading and erroneous. As the instructions stand the plaintiff very likely escaped a test of the question of fact whether the brakeman's duty to eject trespassers arose from habitual performance of the service. That question was not presented to the jury.

The wrong charged in this case was committed by the brakeman in the manner of ejecting plaintiff from the train. To hold defendant liable for that wrong, makes it necessary to establish the brakeman's authority in that behalf. One of the principal modes adopted by plaintiff for proving such authority was to show that it was an authority commonly exer-

cised by the brakemen on defendant's road. In such circumstances it will not do for plaintiff to evade that plain issue by an instruction which merely refers to the brakeman's scope of employment. From such unexplained and disconnected phrase, the jury were not informed of what should be accepted as evidence establishing the scope of employment.

The judgment will be reversed and the cause remanded. All concur.