JARVIS v. ANDREWS.

Opinion delivered October 15, 1906.

1. DEPOSITION—EXCEPTION.—A general exception to two depositions is
insufficient to point out the objection that one of them contains hearsay
testimony.  (Page 278.)·

2. WITNESS—TRANSACTIONS WITH INTESTATE.—Where plaintiff sued de-
fendant individually and as executor on a note alleged to have been
executed by defendant and his testator jointly, and defendant pleaded
*non est factum*, testimony of defendant that he did not sign the note
was inadmissible under Const. 1874, schedule, §'2, providing that
neither party to a suit shall be allowed to testify against the other
as to any transactions with the testator.  (Page 279.)

3. PAYMENT—PLEADING.—Evidence tending to prove a payment of the
note in suit was properly excluded, in the absence of a plea of pay-
ment.  (Page 280.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,*
Judge; affirmed.

*Taylor & Jones,* for appellant.

1. The hearsay testimony of Nannie Pitts should have been
excluded.  10 Ark. 638; 16 Ark. 628; 1 Greenleaf, Ev. § 99; 15
Am. & Eng. Enc. Law (2 Ed.), 309; 6 Ark. 86; 23 Ark. 282.

2. It was error to refuse to permit witness Jarvis to testify
as to whether or not he executed the note in controversy.  Before
one is permitted to introduce secondary evidence to establish the
contents of a lost instrument, he must prove its former existence
as a genuine instrument, and that it has been lost or destroyed.
33 Ala. 653; 102 Ga. 830; 99 Ill. 409; 52 Md. 602; 65 N.
Y. 125.

3. It was error to exclude the evidence of Mrs. Jarvis tend-
ing to show that Mrs. Smith was indebted to Mrs. Pitts, or that
the latter had paid the debt, if she ever owed it.  Kirby's Digest,
§ 127; 33 Ark. 361.

*Crawford & Gantt,* for appellee.

1. The findings of the court upon the facts will not be dis-- turbed unless there is a want of evidence to support them.    40 Ark. .144; 23 Ark. 208; 60 Ark. 250; 36 Ark. 260.

2. On a general objection to depositions, specific objections raised for the first time in this court will not be considered.    15 Ark. 491.   See also Kirby's Digest, § § 3190, 3191.   If any part of the testimony of a witness is admissible, a general objection is properly overruled.    48 Ark. 177.

3. The testimony of F. A. Jarvis with reference ·to the execution of .the note was properly excluded.   Sec. 2, sched. Const. 1874.

HILL, C. J.   Nancy W. Smith filed a claim against the estate of Sarah A. Pitts, alleging that the deceased was indebted to her .in· the sum of $900 and interest, evidenced by a promissory note which had been lost, which note was signed by said Sarah A. Pitts, Floyd A. Jarvis, a son of Mrs. Pitts, and Nannie F. Jarvis, the wife of Floyd Jarvis.   Mrs. Smith died, and appellee was appointed administrator of her estate, and continued the suit. Floyd A. Jarvis qualified as executor of the last will and testament of his mother, Mrs. Pitts.   After a trial in the probate court the claim was allowed, and, on trial *de novo* in the circuit court before the circuit judge, the claim was again allowed, and Jarvis as executor prosecutes this appeal.   The principal contention is as to the sufficiency of the evidence to sustain the finding.   It would serve no useful purpose to review the evidence. It has been found sufficient by two trial judges who have heard it, and the court is of opinion that it is sufficient to sustain the judgment, and will pass to the questions of law presented.

1. Appellant points out a bit of hearsay testimony in the deposition of Miss Nannie Pitts.

There was an objection to the reading of the deposition, but that was a general objection to all of it; and if any part of the evidence was admissible, the objection fails.   *St. Louis, I. M. & S. Ry. Co. v. Hendricks,* 48 Ark. 177.   Two depositions were read, and at the end of them is this entry: "Defendant's counsel objected to each and all of the interrogatories and answers contained in the two foregoing depositions, and asked that the same be excluded from the record.   The objection was over-

ruled, to which defendant at the time excepted." The statute contemplates exceptions to depositions to be in writing and specifying the ground of objection, and the same to be on file before the hearing. Secs. 3190-3192. Exceptions to competency and relevancy may be considered at the trial without this proper preliminary, but it is not expected that a court be required, under a general exception to each and every question and answer, without specifying the objection, to go through depositions and exclude every piece of hearsay which may crop into a witness' answer, which was the case here. The question was proper, and the witness merely rambled into a hearsay answer. To obtain the benefit of an objection, it should have been made in apt time and manner, and not a mere dragnet objection which means nothing at the time, and which may serve to catch an error not otherwise pointed out. Such an objection to a bit of testimony, which would unquestionably have been stricken out if attention had been called to it, will not be considered.

2. Jarvis was offered as a witness to prove that he did not execute and deliver such a note as the one alleged in suit. The Constitution contains this provision: "In civil actions no witness shall be excused because he is a party to the suit or interested in the issue to be tried. Provided, in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." Schedule to Const. § 2; also Kirby's Digest, § 3093. By the express terms of the law Jarvis was excluded as a witness "as to any transactions with or statements of" Mrs. Smith. The purpose of Jarvis's testimony was to negative the existence of the note sued upon, to which suit he had interposed the plea of *non est factum* in behalf of Mrs. Pitts's estate. There was no issue as to Jarvis's liability on the note in this suit; the sole issue was as to Mrs. Pitts's liability, and the value of the testimony was to tend to show that he had not executed and delivered the note in question to Mrs. Smith, and impliedly that his alleged joint maker had not done so. Testimony negativing the existence of a transaction in issue is as much within the inhibition as testimony affirming the existence of the transaction.

The testimony was properly rejected.

3. Appellant complains of exclusion of some evidence of Mrs. Jarvis, which he says was excluded as tending to prove an offset, and counsel admit that the probate court has no jurisdiction of a counterclaim or setoff, but seek to avail themselves of the evidence as tending to prove partial or entire payment of the debt sued upon. There seems to have been no defense based upon payment; but, even if there had been, the excluded testimony is too indefinite to have been a proper basis for finding a judgment upon.

The question of the sufficiency of the evidence has been presented in varying phases, and considered, but, as stated, the court thinks it · sufficient to sustain the judgment, and it is affirmed.