COLE MARCUM, Respondent, v. MISSOURI, KANSAS & TEXAS RY. CO., Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. **RAILROADS: Brakeman's Duties as to Passengers and Trespassers on Freight Trains.** Courts cannot take notice that the duties of a brakeman on a freight train include putting off passengers or trespassers not entitled to ride, and there must be proof made of such duty.

2. **RAILROADS: Rules of Company: Custom.** Although the rules of the company forbid the brakeman to put off a passenger or trespasser, yet such authority may be shown by proof that he customarily did so with the knowledge, assent or acquiescence of the company.

3. **RAILROADS: Assault After Leaving Train.** Where the brakeman assaulted the plaintiff on top of a freight car by throwing coal at him to force him off and continued the assault as plaintiff was climbing down off the running car, and threw at and struck him after he reached the ground, it was not error to refuse an instruction directing the jury not to consider the latter act.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The defendant could not be held liable for the alleged misconduct of the brakeman unless the brakeman was acting within the scope of his authority. This the plaintiff did not prove, and therefore the court erred

in refusing the defendant's demurrer to the evidence and in giving the plaintiff's instructions, and in refusing to grant a new trial. Sherman v. Railroad, 72 Mo. 65; Jackson v. Railroad, 87 Mo. 430; Stringer v. Railroad, 96 Mo. 299; Farber v. Railroad, 32 Mo. App. 382; Jones v. Packet Co., 43 Mo. App. 407; Farber v. Railroad, 116 Mo. 91; Walker v. Railroad, 121 Mo. 584; Krueger v. Railroad, 84 Mo. App. 366. (2) The court erred in giving the plaintiff's first instruction. There was no evidence of any direct authority to the brakeman to eject anyone from the train. Plaintiff attempted to establish such authority by the practice and custom of the brakemen on defendant's trains. Waiving for the present the insufficiency of the evidence to establish any such custom or practice, there was no evidence which tended to show that the defendant had any knowledge of such practice, if it had been shown to have existed. Therefore, there was no warrant for giving this first instruction, predicated upon the fact that it was the usual and general practice of defendant's brakemen with its knowledge and consent to prevent persons from improperly getting upon and to remove persons wrongfully upon such trains. Wolsey v. Railroad, 33 Ohio St. 227; Francis v. Railroad, 110 Mo. 395; Schaub v. Railroad, 106 Mo. 92; La Croy v. Railroad, 30 N. E. 391; Overby v. Railroad, 16 S. E. 813; Railroad v. Reesman, 60 Fed. 378.

*W. V. Draffen* and *Jeffries & Corum* for respondent.

(1) The appellant cites eight cases in support of the proposition that it is not liable for the misconduct of the brakeman unless he was acting within the scope of his authority. That proposition of law is well settled. The respondent recognized it at the trial in the court *nisi,* and to meet that phase of law, introduced evidence showing that it was and had long been the custom and practice of defendant's brakemen to keep per-

sons from getting on their freight trains and to remove them if they did get on, and that they were directed by the superintendent to eject persons from such trains. When it is once conceded that a servant has the right, and that it is his duty to his master to perform an act under certain conditions and the servant has performed the act, the master's liability arises even though the servant ignored some of the conditions imposed by the master or acted contrary to his instructions in the manner of the performance of the act. If this were not so, the master could never be held liable to third parties for the wrongful acts of his servants, because it would be an easy matter to adopt a rule which would, in all cases, exculpate the master. The master cannot intrench himself in this way. Wood on Master and Servant, sec. 287; 20 Enc. of Law, 167; Schmidt v. Adams, 18 Mo. App. 435.

ELLISON, J.—This action is for personal injury in which plaintiff obtained judgment in the trial court.

The defendant, claiming that plaintiff had not made out a case, demurred to the evidence in his behalf and did not introduce any in defense. Plaintiff desired to go from Franklin Junction to Boonville and being informed that one of defendant's freight trains carried passengers, boarded it as it was moving out. He was near the front end and fearing the speed would be too great when the rear reached him he boarded it from the front end by climbing up on the car, intending to walk back over the train to the caboose. He was discovered by one of defendant's brakemen and told that the train did not carry passengers and ordered to get off. Plaintiff stated he thought it a local freight which carried passengers. They disputed for a time, plaintiff saying he would get off if the brakeman would slow up the train so he could do so. The brakeman swore at him, declared he should get off, and went back to the engine, got a "clinker hook" and came to him again demanding

that he get off and plaintiff again asked that the train be slowed up. Then the brakeman signalled to the engineer to slow up and when the train had begun to go slower plaintiff "started down the ladder of the car so when he got slowed up enough for me I could drop off." Then the brakeman commenced throwing coal at him, striking him on the head and arm. He found he would have to drop off to prevent being hit again and did so by jumping and running with the train. Then the brakeman again threw a lump of coal, striking him on the ankle and injuring him.

It is not necessary to go further into the manner of plaintiff's injury, since the case turns on the question of the brakeman's authority to act for defendant in putting him off the train.

It has been determined in this State that merely showing that one was a brakeman on a train did not show he had authority to put persons off who were claimed not to be rightfully on—that the duty of a brakeman merely, did not include the charge of passengers or trespassers; and that in order to hold the company for the act of the brakeman it was necessary to show authority given to the brakeman in addition to his ordinary duty of attending on the train itself. [Farber v. Railway, 116 Mo. 81; Krueger v. Railway, 84 Mo. App. 358; Krueger v. Railway, 94 Mo. App. 458; Curtis v. Railway, 99 Mo. App. 502.]

In this case matter was brought out in direct and cross-examination of witnesses as to the rules of the defendant concerning the duties of brakemen. We will assume that such rules showed that brakemen were prohibited from interfering with passengers or trespassers except under direction of the conductor. But there was evidence which tended to show that the defendant's brakemen did customarily put persons off who were not entitled to be transported on freight trains and that this was done with the knowledge of defendant's officers. This was proper evidence and

when believed it will establish the brakeman's authority, notwithstanding rules to the contrary. [Charlton v. Railway, 200 Mo. 413, 442; Farber v. Railway, 139 Mo. 1. c. 278; Farber v. Railway, 116 Mo. 1. c. 94; Krueger v. Railway, 94 Mo. App. 458, 463.]

Complaint is made of an instruction authorizing the jury to allow exemplary damages. But the jury gave no heed to it as none were allowed. It was not error under the evidence to give it.

So complaint is made of the refusal of defendant's instruction directing the jury not to consider the act of the brakeman in throwing the coal and striking plaintiff after he had reached the ground from the car. The instruction was properly refused. [O'Brien v. Transit Co., 185 Mo. 263.]

Defendant has submitted a full argument on the case made by plaintiff and after consideration of all the points made therein we feel that we would not be justified in interfering with this judgment, and it is accordingly affirmed. All concur.