St. Louis Southwestern Railway Company *v.* Mitchell.

Opinion delivered October 16, 1911.

Railroads—assault by brakeman—damages.—Testimony sufficient to sustain a finding that plaintiff was shot by a person on defendant's train in the position of a brakeman and wearing a brakeman's badge while plaintiff was attempting to board a freight train which was in motion, and that the brakeman was authorized to eject persons attempting to ride on the train, justifies a recovery of damages.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. There is no evidence tending to show that the man who inflicted the injury to the plaintiff was a brakeman in the service of the defendant. 48 Ark. 177.

2. If a brakeman did the shooting, he was not acting within the real or apparent scope of his employment, and defendant was therefore not liable. 75 Ark. 579.

*C. F. Greenlee,* for appellee.

The evidence is sufficient to identify the man who did the shooting as a brakeman in the employ of the defendant, and the facts establish its liability. Cases cited by appellant. See also 89 Ark. 87; 67 Ark. 47; 42 Ark. 321, 328; White's Personal Injuries on Railroads, 1623, and cases cited.

McCULLOCH, C. J. Osceola Mitchell, a negro boy about 18 years of age, attempted, with a companion, to board a slowly-moving freight train on defendant's road near Fargo, Monroe County, Arkansas, and he claims that one of the brakemen on the train shot him with a pistol and inflicted a severe wound on his leg, which caused him to fall from the train and resulted in serious injury. He instituted this action against the defendant railway company to recover damages, basing his right of action on the alleged misconduct of one of defendant's brakemen on the train. His father also instituted a similar action to recover damages on account of his alleged loss of the earnings of his son during minority. The two actions were consolidated, and a trial resulted in a verdict of damages in favor of each plaintiff.

The defendant appealed, and insists that the evidence is not legally sufficient to sustain the finding, either that the shot was fired by a brakeman, or that the brakeman was acting within the line of his duty when he fired the shot. These are the only questions raised on the appeal. The finding of those facts justifies a recovery of damages. *St. Louis, I. M. & S. Ry. Co.* v. *Hendricks,* 48 Ark. 177; *St. Louis, I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579; *St. Louis, I. M. & S. Ry. Co.* v. *Pell,* 89 Ark. 87.

We are of the opinion that there was sufficient evidence to justify a finding in favor of the plaintiff upon both of the issues named above. Plaintiff Osceola Mitchell and other witnesses testified that the party who fired the shot was in the position of a brakeman and had on a brakeman's badge. The train was a through freight, and had three brakemen besides the conductor. It was a very long train, probably three-fourth of a mile long. The conductor and two of the brakemen testified in the case, and each of them stated that he heard no shot fired, and knew nothing of any one being shot; but one of the brakemen testified that he ejected two negro boys from the train a mile or two above Brinkley. The other brakeman

was absent, but it was agreed that he would testify, if present, that he did not see plaintiff, Osceola Mitchell, and did not shoot him, and knew nothing about the shooting. None of the trainmen testified about any one else being on the train except the train men, that is, the conductor and three brakemen. In this state of the case, together with the testimony adduced by the plaintiff that the shot was fired by a man on the train in the position of a brakeman and wearing a badge, it was a fair inference for the jury to draw that the shot was fired by one of the brakemen. There is direct testimony to the effect that persons were not permitted to ride on through freight trains, and that the brakemen were authorized to eject persons found riding or attempting to ride on the train.

Judgment affirmed.