KIRKPATRICK *v.* AMERICAN RAILWAY EXPRESS COMPANY.

Opinion delivered May 21, 1928.

*Tom F. Digby,* for appellant.

*John E. Miller* and *Charles W. Mehaffy,* for appellee.

SMITH, J. Appellant brought this suit for damages to compensate an injury which he alleged was sustained

by him through the negligence of a fellow-servant of the defendant express company while he and his fellow-servant were engaged in loading express into a motor truck. His testimony was to the effect that, while he was in a stooping position through placing an express package in the truck, his fellow-servant negligently permitted a rod or shaft of iron, which had been shipped by express and was being placed in the truck for delivery, to strike him across the back. The testimony on the part of the defendant express company was to the effect that appellant had not been struck at all, and that, if appellant was struck, the blow was a slight one, and did not cause the sickness and loss of time of which appellant later complained.

There was a trial before a jury, and a verdict and judgment in favor of the defendant, from which is this appeal.

The instructions given at the trial are not set out in the brief of counsel for appellant, but he does set out an instruction numbered 3, which was given over his objection. This instruction reads as follows:

"You are instructed that the burden of proof in this case is on the plaintiff to establish his right to recover by a preponderance or a greater weight of the evidence. In the beginning of the trial the law assumes that the defendants were not guilty of any negligence with respect to the cause of the alleged injury received by the plaintiff, if you find that he did in fact receive an injury. This presumption attaches and extends throughout the trial in favor of the defendants, unless it is overcome by evidence to the contrary. If you find that the greater weight of the same is in favor of the defendants, or if you find that it is evenly balanced, then in either event your verdict will be for the defendants."

Only a general objection was made to this instruction at the trial, and the objection now urged against it is that appellant, "at the time of his injury, was in a place where he had the right to be, and that this place was safe

until made dangerous by the negligence of the fellow-servant, and the platform from which the piece of shafting was being loaded into the truck was under the exclusive control and management of the defendant, and the accident would not have occurred in the usual and ordinary method of its handling without negligence, and the fact that the accident occurred, if it did occur, would raise the presumption of negligence, and the doctrine of *res ipsa loquitur* applies."

We think counsel is mistaken in the objection made to the instruction, as the doctrine of *res ipsa loquitur* does not apply to the facts of this case. If that doctrine applied here, it would apply in any case where a servant was injured through the negligence of a fellow-servant, and the doctrine has never been so broadly applied.

In the case of *Chiles v. Fort Smith Commission Co.,* 139 Ark. 489, 216 S. W. 11, 8 A. L. R. 493, we quoted with approval from the chapter on Negligence in 20 R. C. L., § 156, as follows:

"More precisely, the doctrine *res ipsa loquitur* asserts that, whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as, in the ordinary course of events, does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery, in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. * * * The presumption of negligence herein considered is, of course, a rebuttable presumption. It imports merely that the plaintiff has made out a *prima facie* case which entitles him to a favorable finding unless the defendant introduces evidence to meet and offset its effect. And, of course, where all the facts attending the injury are disclosed by the evidence, and nothing is left to inference, no presumption can be indulged—the doctrine *res ipsa loquitur* has no application."

Here appellant detailed all the circumstances attending his alleged injury, and these, in so far as they tended to show negligence on the part of the fellow-servant, were denied by the latter. There was therefore nothing left to inference, and no presumption could be indulged, and the doctrine *res ipsa loquitur* therefore has no application. Moreover, it is said in the Chiles case, *supra,* that "this doctrine (*res ipsa loquitur*) does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it."

The instruction is in a form not to be approved, as it appears to be argumentative, but that objection was not made to it; but it is not inherently erroneous.

The burden of proof was on the plaintiff to establish his right to recover by a preponderance or greater weight of the evidence, and this burden was on him though the doctrine *res ipsa loquitur* applied, although the application of that doctrine in a proper case might enable him to discharge the burden of proof resting upon the plaintiff. The burden of showing a right to recover rests upon the plaintiff in the whole case, and there can be no recovery unless that burden has been discharged.

Strictly speaking, the instruction makes the burden of showing negligence analogous to the presumption of innocence which attends one accused of crime, and in this respect it is not correct, but this is a defect which should have been raised by a specific objection.

The plaintiff's burden in suits of this character is not that of overcoming a presumption of law, like that of innocence in a criminal trial, but is rather that of establishing affirmatively a state of facts which, if true, warrants the finding that one has been injured through the negligence of another under applicable principles of law governing the particular case, and, if that burden is not discharged, the plaintiff has simply failed to make such a case as the law requires him to make before recovering a judgment for damages.

We conclude, in view of the absence of a specific objection, that the instruction, while objectionable in form, was not prejudicial in fact.

The testimony shows very clearly that, at about the time of plaintiff's alleged injury, he became very ill, and for some months was unable to perform manual labor. But, as we have said, it was the theory of defendant that appellant's illness was not occasioned by his alleged injury.

It appears that appellant carried a policy in the Continental Casualty Company, which insured him against accidental injuries, and which provided certain sick benefits in case of disability through illness. Appellant became ill about the 22d of December, 1925, and it is on this date that he claims to have been injured by the negligence of his fellow-servant. He was compelled to give up his employment, and, having been an enlisted man during the World War, he was admitted as a patient in one of the veterans' hospitals in Oklahoma, where he went for treatment, but, before going there, he had received treatment from local physicians in Stuttgart, the place of his employment by defendant and of his alleged injury.

Appellant presented a claim to the insurance company under his policy, which was not allowed, and he finally employed an attorney to bring a suit on the policy, which was later compromised by the payment of $250. Defendant offered in evidence the complaint filed in that case and the proof submitted to the insurance company in support of the claim for sick benefits. The complaint against the insurance company alleged that the insured became ill and unable to work, and prayed judgment for the amount of the sick benefits, but contained no allegations in regard to an injury, although the policy sued on specifically covered accidental injuries.

The admission of this complaint in evidence is assigned as error. But we think no error was committed in its admission. Appellant admitted that the

filing of the complaint was authorized by him, and was based upon information furnished by him to the attorney who prepared it. As was said in the case of *Taylor* v. *Evans*, 102 Ark. 640, 145 S. W. 564: "It was competent, for the purpose of proving an admission on the part of the plaintiff, and also for the purpose of impeaching him, to read the complaint in evidence, or to prove by him, on cross-examination, that he had made allegations in the original complaint inconsistent with his present contention." See also the recent case of *Greer* v. *Davis*, *ante*, p. 55, where the authorities on the admissibility of pleadings as declarations against interest or by way of impeachment were considered.

After appellant's discharge from the hospital, he wrote the superintendent of the express company two letters, in which he asked to be reinstated as an employee, in both of which he discussed his physical condition, but he did not refer in either letter to his alleged injury. In one of these letters he wrote, under date of March 17, 1926: "I have improved a bit, and I feel that about the first of April I could do some kind of light work, as I could not say if I will be able to continue to work at truck delivery any more, from what the doctors told me. You can go to the Veterans' Bureau, when my files get there from the hospital, and learn from them more than I can tell you."

After the institution of this suit the defendant took the deposition of R. I. Betty, who was the chief claim adjuster of the insurance company, and that official made exhibits to his deposition the correspondence which the company had with appellant and the reports of the physicians who had attended appellant. In the agreement to take these depositions it was stipulated that "all formality in the taking, transcribing and forwarding of said depositions is hereby waived. The right to except to all evidence adduced for incompetency, irrelevancy and immateriality is expressly reserved."

No exception to these depositions was filed before the trial, as required by §§ 4248 and 4249, C. & M. Digest, but, when they were offered in evidence at the trial, appellant objected to their admission upon the ground that "the evidence in the deposition is irrelevant, collateral to the issues, and immaterial."

No objection was made to the exhibits to Betty's deposition upon the ground that they contained hearsay testimony, and much of the testimony was not irrelevant, collateral to the issues, nor immaterial.

In the case of *Jarvis* v. *Andrews,* 80 Ark. 277, 96 S. W. 1064, it was said: "There was an objection to the reading of the deposition, but that was a general objection to all of it; and if any part of the evidence was admissible, the objection falls." It was there also held (to quote a syllabus), that "a general exception to two depositions is insufficient to point out the objection that one of them contains hearsay testimony."

It must be confessed that the depositions contain hearsay testimony, but that objection was not made. It may also be said that the depositions which contained the reports of the doctors on the condition of appellant and the cause thereof, contained statements which would have been inadmissible as privileged under § 4149, C. & M. Digest, had that right not been waived in the letter to the superintendent of the express company directing that officer to secure this information. Moreover, that objection was not made to the testimony.

Among the exhibits to the deposition of Betty were the claimant's preliminary notices of illness, in which he was required to state in detail the cause and extent of his disability, and in neither did he mention his alleged injury. The reports of the doctors were to the effect that appellant had suffered from influenza, chronic colitis, and stone in the kidney.

There was offered in evidence, over appellant's objection, the draft of the insurance company for $250 in full settlement of all claims against the company for

appellant's illness and consequent loss of time. This document was offered in evidence as a part of the defendant's proof that appellant had made no contention that his alleged injury had anything to do with his illness, thereby contradicting the testimony given by him at the trial. It was not competent for any other purpose, but, inasmuch as the instructions have not been abstracted, it must be conclusively presumed that the instructions given limited the jury's consideration of this document to the only purpose for which it was admissible.

Finding no prejudicial error, the judgment must be affirmed, and it is so ordered.