NEAL *v.* ARKOLA BAUXITE COMPANY.

Opinion delivered June 1, 1931.

*N. A. McDaniel, Fred A. Isgrig* and *Elmer Schoggen,* for appellant.

*W. A. Utley,* for appellee.

HUMPHREYS, J. This suit was brought by appellant, widow of Oabe Neal, against appellee, to recover damages in the sum of $25,000 on account of the death of her husband resulting from an injury received by him through the alleged negligence of appellee in operating a steam shovel with which it was excavating dirt from its bauxite mine in Saline County.

The defenses interposed to the complaint were a denial of negligence on its part, contributory negligence on the part of appellant, and that at the time of the injury deceased was in the employ of R. Y. Walker, who was engaged in excavating dirt for appellee as an independent contractor. The cause was submitted to the jury upon the pleadings, testimony introduced by the respective parties, and instructions of the court, which resulted in a verdict for appellee and a consequent judgment dismissing appellant's complaint, from which is this appeal.

The testimony was conflicting upon all the issues joined; so the questions for determination on this appeal turn on the correctness of the instructions submitting the issues.

Appellant contends for a reversal of the judgment upon the alleged ground that the court erred in admitting testimony upon the issue of whether R. Y. Walker was an independent contractor, claiming that the written contract between appellee and R. Y. Walker clearly reflects that he was an employee and not an independent contractor. We think the written contract is ambiguous in this respect, and that the testimony complained of tended to explain rather than contradict the written instrument.

Appellant also contends for a reversal of the judgment upon the alleged ground that the court erred in declaring the law applicable to the issues involved. The alleged egregious errors in instructing the jury consisted in giving appellant's requested instruction No. 2 and in modifying instruction No. 5, requested by appellant, and giving same in its deleted form.

·Instruction No. 2, given at appellee's request, is as follows:

"The burden of proof in this case is upon the plaintiff to establish her right to recover in this action by a greater weight of the evidence. The law presumes that the defendant company was not guilty of any negligence whatever, and this presumption attends throughout the trial in favor of defendant and is of itself sufficient to

justify you in returning a verdict for the defendant unless such presumption is overcome by the evidence to the contrary. If you find that the greater weight of the evidence is in favor of the defendant, or if you find that it is evenly balanced as between the plaintiff and defendant, then in either event your verdict will be for the defendant.''

Appellant made the specific objection to the instruction that it placed an undue burden on her as to proving the alleged negligence of appellee. According to the rule announced in the case of *Kirkpatrick* v. *American Railway Express Co.*, 177 Ark. 334, 6 S. W. (2d) 524, such an instruction erroneously imposes the burden of showing negligence analogous to the presumption of innocence which attends one accused of a crime, and, if given over specific objection, calls for a reversal of an adverse judgment.

Instruction No. 5, requested by appellant, is as follows:

''An independent contractor is one who, in the course of an independent occupation, prosecutes and directs the work himself, using his own methods to accomplish it, and represents the will of the employer only as to the result of the work; unless such employer either exercised, or reserved the right to exercise, control over the work being done by such contractor or had the power to choose, direct or discharge the employees of such contractor. [So, in this case, you are instructed that the method by which compensation was paid for the work done is not conclusive as to the relationship of the parties, but the question as to whether or not Walker was an independent contractor must be determined by you from all the circumstances in proof.]''

The instruction in the form requested was a correct declaration of law as applied to the facts in the case. The court deleted the last sentence, the effect of which was to deprive appellant of his right to have the law de-

clared upon request with reference to the particular facts in the case.

On account of the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.